UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVERSIDE AVENUE EAST GREENBUSH, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>VESTAS BLADES AMERICA, INC.,<br><br>Defendant. | Case No. 1:25-cv-00458-LEK-DJS<br><br>**DECLARATION OF RYAN FERTIG IN SUPPORT OF MOTION TO COMPEL MEDIATION AND ARBITRATION AND STAY LITIGATION** |

I, Ryan Fertig, affirm the following statements to be true to the best of my knowledge, under penalty of perjury:

1. I am over the age of 18 years, and I make this declaration on the basis of my personal knowledge and, if called as a witness, would be competent to testify to the facts set forth below.

2. I was the Head of Construction and U.S. Real Estate for Defendant Vestas Blades America, Inc ("Vestas") during the relevant events described below, including Vestas's negotiation of the of the November 18, 2022 Option to Purchase and Real Estate Purchase and Sale Agreement (the "Option Agreement") by and between Vestas, Plaintiff Riverside Avenue East Greenbush, LLC ("Greenbush"), and ADG Properties, Inc. ("ADG").

3. Attached as **Exhibit A** is a true and correct copy Option Agreement.

4. When Vestas entered into the Option Agreement, Vestas contemplated that, had it elected to purchase the land contemplated in the Option Agreement, Vestas would have needed to purchase both the Blade Storage Property and the Manufacturing Site (as defined in the

Option Agreement), and not merely one or the other, in order to receive the full benefit of the Option Agreement that Vestas bargained for.

5. Even though § 15.p of the Option Agreement requires Greenbush to provide a Dispute Notice (as defined in the Option Agreement) and/or a written notice of binding arbitration, at no time did Greenbush and/or ADG provide Vestas with such a Dispute Notice or written notice of binding arbitration related to the Option Agreement prior to commencing the present lawsuit in Rensselaer County Supreme Court.

6. In or around November 2023 (prior to the accrual of the Additional Option Deposit and Extension Option Deposits, as defined in the Option Agreement), Vestas advised Mr. Van De Loo that it was no longer interested in paying for the continued exclusivity of the Option and wished to amend the Option Agreement such to remove the Option Agreement's exclusivity provision in exchange for removing the obligation for continued payment. In or around December 2023, when an amendment documenting this amendment was almost ready for execution, Mr. Van De Loo called Vestas and suggested that when re-reading the original Option language, it did not appear that the parties needed to execute a written amendment. Rather, Mr. Van De Loo asserted that the language of the Option Agreement required Greenbush to request payment, which Mr .Van De Loo would elect not to do, and that if Vestas did not pay, its only liability would be the Option Deposits already paid. Vestas accepted Mr. Van De Loo's proposal to leave the Option unamended and Mr. Van De Loo would not require payment.

7. To the best of my knowledge and after reasonable inquiry, at no point prior to January 21, 2025 did Greenbush, ADG, or any of their representatives advise Vestas that any amounts were accruing under the Option Agreement.

-3-

Dated this 10th day of April 2025   Respectfully submitted,

By: _____
    Ryan Fertig

**<u>Exhibit A</u>**
**Option Agreement**